Newman, J.
The budget commissioners of Montgomery county, upon an examination of the *30 budgets submitted by the city of Dayton, the board of education of the city school district of Dayton and the county commissioners of Montgomery county, and the estimates prepared by the auditor of the amount to be raised for state purposes, found that the total amount of taxes sought to be raised in the city of Dayton exceeded the amount authorized by law. To raise the amount of money needed for the wants of - the city of Dayton, for corporation purposes, as shown by its budget, based on the estimated value of the taxable property of that city, would require a levy of 5.704 mills. To raise the amount required for school purposes, as shown by the budget of the board of education, would require a levy of 3.929 mills, and to raise the amount required for county purposes, as shown by the budget of the county commissioners, would require a levy of 2.833 mills. These, together with the levy for state purposes — .15 mill — would require a total levy for these several purposes of 12.616 mills. To bring the total levy within the ten-mill limitation provided for in Section 5649-2, General Code, the budget commissioners reduced the levy for corporation purposes to 3.621 mills and for county purposes to 2.3 mills, leaving the levy for school purposes undisturbed, as well as that for state purposes, the commissioners having no authority to reduce, increase or in any manner change the sum or sums levied by law for state purposes. The State, ex rel. Donahey, Auditor of State, v. Edmondson, County Auditor, et al., 89 Ohio St., 93.
*31 It is alleged in the petition that the budget commissioners, in disregard of the duty imposed by law, presumed to exercise a discretion in adjusting the amounts of the several budgets. There is no allegation that there was an abuse of discretion. It is the contention of counsel for relator that when it becomes necessary for the budget commissioners to make reductions of the estimates in the ■budgets, filed by the different authorities within the taxing district, to bring the total within the ten-mill limitation, the reduction should be made in proportion to the various estimates, so that the resultant shortage, inconvenience and deprivation will be distributed ratably, rather than imposed altogether upon one of the instruments of local government cooperating within their several spheres in the community. They are asking the court to require the budget commissioners to proceed along these lines in the matter of the adjustment of the amounts to be raised by taxation, and in their brief they suggest other plans or methods which may be adopted in the event the plan first suggested does not meet the approval of the court. Counsel deny that the budget commissioners have the right to exercise any discretion in the adjustment of these various amounts to be raised so that the total amount shall not exceed in any taxing’ district the sum authorized to be levied therein.
Under the provisions of Section 5649-3a, General Code, the city of Dayton, through its council, the board of education of the city school district and the county commissioners were required to submit, on or before the first day of June, 1915, to the *32 county auditor, their annual budgets, setting forth in itemized form an estimate stating the amount of money needed for their wants for the year 1916. This statute recites at length the numerous matters and things required to be specifically set forth in the budgets, including “such other facts and information as the tax commission of Ohio or the budget commissioners may require.” It is to be presumed in the instant case that the officers and boards submitting these budgets complied with the law. These budgets, under the requirements of Section 5649-3c, General Code, are laid before the budget commissioners by the auditor with “such other information” as they may request.
It is further provided in Section 5649~3c:
“The budget commissioners shall examine such budgets and estimates prepared by the county auditor, and ascertain the total amount proposed to be raised in each taxing district' for state, county, township, citjq village, school district, or other taxing district purposes. If the budget commissioners find that the total amount of taxes to be raised therein does not exceed the amount authorized to be raised in any township, city, village, school district, or other taxing district in the county, the fact shall be certified to the county auditor. If such total is found to exceed such authorized amount in any township, city, village, school district, or other taxing district in the county, the budget commissioners shall adjust the various amounts to be raised so that the total amount thereof shall not exceed in an}^ taxing district the sum authorized to be levied therein. In *33 making such adjustment the budget commissioners may revise and change the annual estimates contained in such budgets, and may reduce any or all the items in any such budget, but shall not increase the total of any such budget, or any item therein. The budget commissioners shall reduce the estimates contained in any or all such budgets by such amount or amounts as will bring the total for each township, city, village, school district, or other taxing district, within the limits provided by law.
“When the budget commissioners have completed their work they shall certify their action to the county auditor, who shall ascertain the rate of taxes necessary to be levied upon the taxable property therein of such county, and of each township, city, village, school district, or other taxing district, returned on the grand duplicate, and place it on the tax list of the county.”
It is the positive duty of the budget commissioners, in adjusting the various amounts to be raised, to see that the total amount shall not exceed in any taxing district the sum authorized to be levied therein, to-wit, ten mills on each dollar of the tax valuation of the taxable property therein. In the discharge of this duty they are to reduce the estimates contained in any or all budgets by such amount or amounts as will bring the total of the taxing district within the limits provided by law. It is to be observed that they are authorized to “revise and change the annual estimates contained in such budgets.” They “may reduce any or all the items in any such budget.” According to *34 the contention of counsel for relator they must reduce the estimates contained in all the budgets. We do not think the statute will bear that interpretation. By its plain provisions the budget commissioners are called upon to use their official judgment and discretion in the adjustment of the various amounts, and in the reduction which they make. In the absence of fraud, bad faith or an abuse of discretion, their action as certified to the county auditor cannot be interfered with. It is said that in the case of State, ex rel., v Sanzenbacher, Auditor, 84 Ohio St., 506, this court has indicated that in making a reduction the budget commissioners should have due regard to the proportions of the total amount that each taxing board or taxing officer is authorized to levy. Can it be said that in the present case such regard was not had? The aggregate of all taxes that may be levied for corporation purposes under Section 5649-3a, General Code, is 5 mills; for school purposes the same. When the adjustment and reduction were made in the present case the levy for corporation purposes was 3.621 mills; for school purposes 3.929 mills. As we have seen, the budget commissioners, when they examine the budgets, have before them a full and detailed statement of the financial condition of each taxing authority in the taxing district and the data upon which the needs and requirements of the taxing officers and boards are based. In the case at bar they deemed it advisable from the information at hand to reduce the estimate of the city of Dajdon for corporation purposes and to leave undisturbed the estimate of *35 the board of education. They had authority to do this. One of the purposes in having the estimates of the amount of money needed submitted in itemized form and in requiring a submission of the facts and information provided for in Section 5649-3a, is to provide a basis of calculation in the event it becomes necessary to adjust and reduce the amounts. If the contention of counsel for the relator is correct these detailed statements would serve no purpose. An estimate not itemized would answer the purpose. It would be necessary only to have the totals of the different estimates, and-the reduction could then be made ratably and in proportion to these different totals.
This is a proceeding in mandamus. Before the writ will issue it must appear that the duty of reducing the various estimates proportionately, or according to any of the plans or methods suggested by counsel in their brief, is a duty specially enjoined by law upon the budget commissioners. Section 12285, General Code, provides that a writ in mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but- it cannot control judicial discretion. The budget commissioners have exercised their judgment in this matter and discharged the function of reducing the various amounts to be raised by taxation to within the limits provided by law. It is not within the power of the court to interfere with a lawful discretion. The law announced in State, ex rel., v. Crites, 48 Ohio St., 460, is in point: “The remedy by mandamus, while appropriate to compel an officer to proceed in a judi *36 cial or quasi judicial matter confided by law to his jurisdiction, cannot be invoked to correct his errors, or control his discretion.” For the reasons we have given we conclude that the facts set out in the petition are insufficient to constitute a cause of action.
It is suggested by counsel for the defendants that in this matter the rights of the board of education had become fixed and that it was a necessary party to this proceeding. The only authority cited in support of this contention is State v. Pilsbury, 31 La. An., 1. In that case it was held that any third person having an interest in the success of the relator or respondent in a mandamus suit, or an interest opposed to both, may intervene in the suit. There was no holding in that case, as-we understand it, that such person was a necessary party. A proceeding in mandamus is statutory and the only order that can be made is against the defendant, commanding the performance of an act which the law enjoins as a duty resulting from the office, trust or station. Such an order, in many cases, may affect many persons. But it is certainly unnecessary to make such persons parties to the proceeding.

Demurrer sustained and petition dismissed.

Nichols, C. J., Johnson, Donahue, Wanaaiaker, Jones and Matthias, JJ., concur.